**XIU YING LIU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF**

JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondents.

No. 03–41238–ag.

United States Court of Appeals, Second Circuit.

July 14, 2006.

David X. Feng, New York, New York, for Petitioner.

Chuck Rosenburg, United States Attorney, Gerard J. Mene, Assistant United States Attorney, Alexandria, Virginia, for Respondents.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Xiu Ying Liu petitions for review of an order of the BIA affirming Immigration Judge ("IJ") William F. Jankun's decision ordering Liu's removal to China and denying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

In this case, substantial evidence supports the IJ's adverse credibility determination. IJ Jankun stated that Liu "did not answer the questions she was asked but repeated [ ] answer[s] she'd given to [ ] previous question[s]," and concluded that her testimony sounded "rote," and like "a story that she had memorized rather than what actually had occurred to her." Indeed, the transcript of the hearing indicates that Liu failed to appropriately respond to questions she had been asked in regard to (1) when her first IUD had been removed, (2) whether or not she was alone when she had been taken to the hospital for an abortion, and (3) how she had been taken from the family planning office to the hospital. The IJ's adverse credibility finding based upon his assessment of Liu's demeanor is, therefore, supported by substantial evidence. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–02 (2d Cir.2006); *Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir. 2005).

The IJ also properly relied on the difference between Liu's assertion that Chinese officials had issued her a sterilization and abortion certificate and the 1998 Department of State Profile which indicates that U.S. Embassy and Consulates General are "unaware of any so-called abortion certificates," and that the only document that could resemble such a certificate was "a document issued by hospitals upon a patient's request after a voluntary abortion."

The IJ determined that Liu's assertion that she had been forced to have an IUD inserted after the birth of her youngest daughter (which Chinese officials assumed was her first child) was inherently implausible. The 1998 Profile indicates that the "use of the IUD appears to be urged only for families who have already had two children," and that a "second child is allowed if the first is a girl." The IJ's determination was, supported by evidence that is reasonable, substantial, and probative when considered in light of the record as a whole. *See Jin Chen v. DOJ,* 426 F.3d 104, 113 (2d Cir.2005).

Because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Furthermore, Liu failed to challenge the IJ's denial of CAT relief in her brief to the BIA. This Court, therefore, lacks jurisdiction over the CAT claim, because the claim is unexhausted. *See* 8 U.S.C. § 1252(d) ("A court may review a final order of removal only if . . . (1) the alien has exhausted all administrative remedies available to the alien as of right")

Accordingly, Liu's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).